## In re BRINSON.

(District Court, S. D. Florida. September 25, 1925.)

No. 2687.

1. **Bankruptcy** ⟵184 (1) — **Disallowance of mortgage on stock of goods by referee in bankruptcy held proper.**

Where mortgage was given on stock in trade, fixtures, and accounts in mortgagor's place of business, or to be placed in his place of business, and mortgagor remained in possession of goods, and continued to make sales therefrom and replenish stock, disallowance by referee in bankruptcy of mortgage as to stock of goods was proper.

2. **Bankruptcy** ⟵172—**Description of accounts intended to be subjected to mortgage held too vague.**

Mortgage covering stock in trade, fixtures, and accounts in mortgagor's place of business *held* too vague in description of accounts to subject them to mortgage, and disallowing mortgage as to such accounts by referee in bankruptcy was proper.

3. **Chattel mortgages** ⟵47—**Pledges** ⟵13—**Description of merchandise accounts sought to be assigned or mortgaged should be sufficient to identify them.**

Description of accounts sought to be assigned or mortgaged should be sufficient to identify them.

4. **Bankruptcy** ⟵310—**Claim of mortgagee, rejected as secured account, held entitled to allowance as an unsecured claim.**

Where claim of holder of mortgage given by bankrupt to allowance thereof as secured account was rejected, he was entitled to allowance of it as an unsecured claim.

In Bankruptcy. In the matter of W. T. Brinson, doing business as the Brinson Hardware Company, bankrupt. On certificate of referee in bankruptcy to review his order in the claim of B. G. Waring. Petition to review denied.

See, also, 1 F.(2d) 824; 3 F.(2d) 455.

R. H. Rowe, of Madison, Fla., for petitioning creditor.

John F. Harrell, of Live Oak, Fla., for bankrupt.

CALL, District Judge. This cause comes on to be heard upon the certificate of the referee to review his order, made in the claim of B. G. Waring, made on the 6th day of August, 1925.

On August 15, 1924, Waring presented his proof of claim, claiming that the bankrupt was indebteded to him in the sum of $2,323.-34 on a certain promissory note, dated June 19, 1923, and a chattel mortgage of even date, to secure the payment of same. Upon the hearing of the objections by the trustee to the allowance of the same, the referee allowed the same as a preferred claim against the store fixtures to the amount for which they had been sold by the trustee, and disallowed the claim in so far as the stock in trade and accounts were concerned. The chattel mortgage, given by a merchant in the hardware business in Madison, describes the property mortgaged as "all stock in trade, fixtures, accounts in my place of business known as Brinson Hardware Company, or to be placed in my place of business in Madison, Madison county, Florida." No testimony, other than the mortgage itself, was considered by the referee in considering the objections to the allowance of the claim.

[1] The creditor insists that the referee erred in the order, because the mortgage was valid upon its face, and without evidence carry on the business in the usual way, the showing that the mortgagor was left in possession of the stock of merchandise to mortgage was not fraudulent as to creditors. This position I do not think tenable, in view of what the record in the instant case shows, and of which the referee must have been fully cognizant. The bankrupt was adjudicated upon his petition, delivered to his trustee the stock of merchandise, and the same was duly sold, and the proceeds brought into the bankruptcy court to await the action of the court upon this claim. It would have been a useless proceeding to have had witnesses come and testify that the bankrupt remained in possession and continued to make sales from his stock and replenish same. Those facts, it seems to me, are apparent from the record of the case, and, further, I think that it appears from the mortgage itself that such was the intention of the parties; otherwise, why put into the mortgage the words "or to be placed in my place of business," to wit, a hardware store doing business, etc.? I find no error in the disallowance of the mortgage on the stock of goods.

[2, 3] The referee disallowed also the mortgage on the accounts. It is a little obscure as to whether the description was intended to cover further accounts as well as those then existing, but I do not think this is material to the question to be decided. The description of the accounts intended to be mortgaged is entirely too vague to give effect to the mortgage. What accounts? Against whom? The amount, where contracted, etc.? Certainly such description would be insufficient to transfer any accounts to a third party, or prevent the bankrupt from collecting same, and giving the debtor

an acquittance, and appropriating the money received to any purpose he saw fit. Certainly the description of the accounts sought to be assigned or mortgaged should be sufficiently described, so as to identify what accounts are sought to be subjected to the lien. I find no error in the order of the referee as to these accounts.

[4] The order of the referee is silent as to whether the claim of Waring is allowed in any amount as unsecured. As I understand the law, he is entitled to allowance of the amount rejected as secured, as an unsecured claim against the bankrupt.

The petition to review will therefore be denied.