**WATER WONDERLAND CAMPSITE INC., Plaintiff,**

v.

**CITIZENS COMMERCIAL AND SAVINGS BANK, Defendant.**

No. 81–40033.

United States District Court,
E. D. Michigan, S. D.

May 18, 1981.

Robert L. Leech, Flint, Mich., for plaintiff.

Donald H. Robertson, Flint, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Citizens Commercial and Savings Bank (hereinafter Bank) filed two claims in Bankruptcy Court against the estate of Water Wonderland, Inc. These are claims # # 12 and 13 of the estate.

Both claims filed by the Bank were filed on claim forms which are available from the Bankruptcy Court. Paragraph 10 of that form reads as follows: "This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim." Both claims did claim a security interest in certain assets of the bankrupt's estate.

Claim # 12 is for approximately $4,516.58 and claimed a security interest in a 1977 Chevrolet Blazer. The trustee challenged the security interest as unperfected. On May 29, 1979, the Bankruptcy Court found the lien to be invalid and declared it null and void as to the estate (Exhibit 5, record on appeal).

Claim # 13 was for approximately $190,-292.90 and claimed a security interest in certain inventory of the bankrupt under a so-called "floor plan" agreement. On May 25, 1979, the Trustee petitioned the Bankruptcy Court to allow an abandonment of certain campers and trailers covered by the Bank's security interest. This petition was granted on May 29, 1979, and the interest in the vehicles was abandoned.

On November 7, 1980, the Trustee as a matter of his routine filed objections to both claims # 12 and # 13 as being secured claims unliquidated pursuant to § 57 of the Bankruptcy Act, 11 U.S.C. § 93. Hearings were held on December 2, 1980, and on December 19, 1980. An order was entered disallowing the Bank's claims for failure to liquidate pursuant to § 57 and finding the Bank guilty of laches. The Bank appealed that ruling, and it is that appeal which is before the Court at this time.

The first question to be addressed is whether the claims at issue are secured or unsecured.

Appellant argues that whenever a creditor files a secured claim, the balance of the claim not covered by the security should be automatically allowed as an unsecured claim. Indeed there is no reason for a secured creditor to file a claim unless the value of the security is less than the amount of the debt.

The Trustee argues that the claim was filed as a secured claim and is so designated at the bottom of the claim form. Under § 65(a) of the Bankruptcy Act, 11 U.S.C. § 105 [1], secured claims are not paid a pro-rata share of the estate. He argues that the Bank had the duty to either amend their claim, or file a new unsecured claim, if they wished to share in the estate with the general creditors.

The Court finds that both of these claims were unsecured claims, to the extent that the security was insufficient to liquidate the debt for two reasons:

■ First: no creditor is required to file a claim, and such filing or lack of filing has no effect whatsoever on the security interest. If the value of the security is greater than the debt, no purpose is served by filing a claim. Therefore, the filing of a secured claim, in itself, is notice that the creditor wishes to share in the estate for any unsecured balance. 3 Colliers, 14th Edition, ¶ 57.07 [3.3] p. 182; *In Re Brinson*, 8 F.2d 667 (SD Fla, 1925). The Bank's claim should have been automatically considered as an unsecured claim for the amount which exceeded the value of the security.

■ Second: the form used by the creditor, and distributed by the Bankruptcy Court itself, specifically says in paragraph 10 "this claim is a general unsecured claim, except that the security interest . . . is sufficient to satisfy the claim." The meaning

1. § 65(a) of the Bankruptcy Act, 11 U.S.C. § 105 reads:

Dividends of an equal per centum shall be declared and paid on all allowed claims, except such as have priority or are secured.

of this language is clear, the creditor wishes to share in the assets of the estate for the balance of the claim. It is more than reasonable for the creditor to rely on this paragraph as sufficient notice of his unsecured claim, particularly when the language is contained in a form distributed by the Bankruptcy Court. The Trustee admitted this point in oral argument. In addition, the Trustee acknowledged that no one was mislead, that the creditor's position was clear, and that treating it as Appellant urges poses no problem in the orderly administration of the estate.

The second question is whether the claims were unliquidated under § 57 of the Bankruptcy Act.

■ The arguments of the parties on this point are simple. Both agree that somehow a value had to be placed on the security to determine what amount remained as an unsecured debt. The Bank argues that it was the Court's duty, or the Trustee's duty to raise this issue and have the value determined. The Trustee argues that it is the creditor's duty to bring this issue before the Court. The statute is silent as to which party is to initiate such a determination.[2]

I believe it is the court's duty to raise this issue and set a date to address it.

§ 57(d) provides that all-duly proved claims shall be allowed, "Provided, however, that an unliquidated . . . claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the courts." Bankruptcy Rule 306(d) states: "If a secured creditor files a proof of claim the value of the security interest held by him as collateral for his claim shall be determined by the court."[3]

Neither one of these sections implies that it is the creditor's duty to bring the issue of valuation before the court. Rather, I believe it is the Bankruptcy Court's duty to raise the issue and set a date for a valuation hearing. This date could easily be set on the first notice to creditors.

■ What is of great significance in arriving at this decision is that the Bankruptcy Court in the interests of the unsecured creditors has an obligation to determine whether the value of the security exceeds the balance owed on the obligation secured. How the Court can fulfill this obligation, if it does not itself raise the issue and order the determination, is a mystery. Without such a determination, there is no way to determine the amount of the claim which is unsecured. Conversely, without such a determination there is no way for the Court to determine the excess value of the security over the balance owed on the debt secured. Only the Court or Trustee has an interest in determining the latter. Certainly the secured creditor has no interest. To raise the

---

2. "Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest or unless their consideration be continued for cause by the court upon its own motion: Provided, however, That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the state or any preceding under this Act." § 57.

3. Rule 306 reads as follows:
(a) Trustee's Duty To Examine and Object to Claims.—The trustee shall examine proofs of claim and object to the allowance of improper claims, unless no purpose would be served thereby.

(b) Allowance When No Objection Made.— Subject to the provisions of subdivision (d) of this rule, a claim filed in accordance with Rule 302, 303, or 304 shall be deemed allowed for the purpose of distribution unless objection is made by a party in interest.

(c) Objection to Allowance.—An objection to the allowance of a claim for the purpose of distribution shall be in writing. A copy of the objection and at least 10 days' notice or, if the claim is for taxes, at least 30 days' notice of a hearing thereon shall be mailed or delivered to the claimant. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 701, the proceeding thereby becomes an adversary proceeding.

(d) Secured Claims.—If a secured creditor files a proof of a claim, the value of the security interest held by him as collateral for his claim shall be determined by the court, and the claim shall be allowed only to the extent it is enforceable for any excess of the claim over such value.

issue, it is unwise to rely upon the party which has no interest nor any motive to raise the issue, and whether a party is interested or not can only be determined *after* the value of the security has been determined. If it is determined to be in excess of the balance of the secured debt, such a determination benefits the estate. If the value of the security is less than the balance owed, the estate receives no benefit but the amount of the deficiency becomes an unsecured claim.

The granting of a request to abandon presupposes that the Court has found the balance owed exceeds the value of the security but does not determine the amount of the debt which is to be an unsecured claim. Both determinations are necessary to the proper administration of the estate for the benefit of the unsecured creditors. Only the Court can protect this interest. Perhaps the Bank in this case should and certainly could have raised the issue and requested a hearing, but they did not have a duty to do so. Therefore, it was incorrect for the Bankruptcy Court to refuse to set a value for the security and allow the balance as an unsecured claim.

This case is HEREBY REMANDED to allow the Bankruptcy Court to do so now.

IT IS SO ORDERED.